UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSIE T. WRIGHT,

    Plaintiff,

v.

DEMARIO HAWKINS,

    Defendant.

Case No. 24-1043-HLT-BGS

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
DENYING REQEUST FOR COUNSEL**

In conjunction with her federal court Complaint alleging that she was assaulted by an individual at a QuikTrip location, Plaintiff filed a Motion for Leave to Proceed Without Prepayment of Fees along with a supporting financial affidavit and a Motion for Appointment of Counsel. *See* Docs. 3, 3-1, 4. For the reasons set forth herein, Plaintiff's *in forma pauperis* ("IFP") application, Doc. 3, is **GRANTED** while her request for counsel, Doc. 4, is **DENIED**.

**I.  Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff, the Court finds that she has shown an inability to pay the filing fee. Thus, the Court **grants** Plaintiff's motion to proceed without prepayment of fees. Pursuant to the remainder of this Order, however, the Clerk is not directed to issue summons for service upon the Defendant at this time.

II.     **Request for Counsel.**

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff has been given leave to proceed *in forma pauperis* in this case. This weighs in favor of appointing counsel. The second factor relates to the Plaintiff's diligence in searching for counsel. Plaintiff must show that she "made a reasonably

2

diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff's motion indicates she has contacted six attorneys, but has not conferred with all of them. The Court will, however, find that Plaintiff has been diligent in her search for counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff has filed a *pro se* Complaint alleging an assault and battery. *See generally* Doc. 1. As stated in the Court's contemporaneously filed Report & Recommendation of Dismissal, there are serious concerns as to the viability of Plaintiff's claims in federal court. This factor does not weigh in favor of Plaintiff's request for counsel.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The Court understands that Plaintiff feels like she has a meritorious claim and deserves an attorney to represent her. This, by itself, however, is not a basis for the Court to appoint an attorney. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's *IFP* Application, Doc. 3, is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendant at this time.

**IT IS SO ORDERED**.

Dated March 13, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge
